The next matter, No. 23-1738, Sysco Machinery Corp. v. Cymtek Solutions, Inc. at all. At this time, would counsel for the appellant please introduce themselves on the record to begin? Good afternoon. May it please the court, Christopher Hamba on behalf of the appellant, Sysco Machinery. I'd like to reserve two minutes for rebuttal, please. The forum non-convenience legal framework is well established by this court's precedent. First, the defendants have to identify an alternative forum where the claims could be brought. And second, if there is such a forum, the defendants have to prove that the private and public interest factors strongly favor proceeding in that forum. In this case, respectfully, the district court erred at both stages of that analysis. Here, Sysco bears a large burden to show that the district court abused its discretion. Below, the defendants had a heavy burden to establish the convenience and judicial efficiency strongly favored taking this case from the district court and sending it to Taiwan. Justice Brennan once noted that federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them by Congress. A departure from that jurisdiction is the exception, not the rule. When we look at the foundation of the district court's analysis, we see that it rested on the conclusion that this was effectively a Taiwan case. Everything, according to the district court, entirely was in Taiwan. Or the crux of the dispute was in Taiwan. I disagree respectfully, Your Honor. The crux of the dispute is here, in the United States. This is exclusively about the efforts to divert and usurp Sysco's U.S. markets. What if the court were to hold right now that the defendants didn't breach any obligations, contractual, fiduciary, or otherwise, in deciding to split off from a company and take what they took with them? What's that do to this case? I think that still leaves the copyright claims going forward. Well, if they walked out with everything with permission, how is that abusing the copyright in the United States? The copyrights were after they left. It sounds like you would not like such a ruling like that, because it would wipe out 95% of the case. I think it would knock out 98% of the case, Your Honor. That's correct. And so, what we're then left with, 98% of the case has to do with a dispute in Taiwan between two Taiwan companies over whether they were split up properly and one stole from the other. It seems odd that that would be brought somewhere in the United States, much less that they'd be looking around for one state after another to have the suit. Your Honor, just taking it back, the crux of the case, though, is centered in the US. You have a Taiwan company. The crux of the case or the crux of the copyright claim? The crux of the case. The crux of the case is you have a Taiwan company, two Taiwan actors, but the Taiwan company in Cisco that's doing business in the United States, and they have big companies, big clients who are doing millions of dollars. Apple, 24M across in Cambridge. They're doing business here. And so, it's the usurping of their own clients, of Cisco's clients, by Symtec, Symetric, and we have additional parties in the US, DCS USA, that kind of helped in this scheme. And so, it's not just Taiwan entities. And so, it's a multitude of entities. So, suppose I disagreed with you on that, but I thought the 2% residuum that related to the federal copyright claim might be different. How do we do forum non-convenience analysis then? And my understanding is it's not the case that all federal copyright claims themselves even have to be heard in the US. Even as to that, we look at the crux of the federal copyright dispute itself. Correct? Yes, right. And that's the adequacy. So, I guess, on two points, is the contention, did the, where did the district court go wrong, if it went wrong at all, assuming 98% of the case is Taiwanese, does not relating to the federal copyright? What did the, where did the district court go wrong in its analysis with respect to the federal copyright claim? That's in two factors. I think you start with the adequacy factor, and then you move on to the private and public interest factors. So, starting with adequacy. We start with adequacy. And that's that threshold matter that copyright laws are territorial, right? And that's why the HALA court noted that the US court... Right, but even as to those, sometimes the crux of the dispute can be such that the federal copyright claim itself can be heard in a foreign forum. Correct, but we look at the remedy. So, where did the district court go wrong, given that that can be true? Well, as an issue, but there was no, the defendants did not meet their burden below. The Piper court said that it's not an adequate forum, if the remedy provided by the alternative for forum is so clearly inadequate or unsatisfactory that there is no remedy at all. The Piper aircraft court gave an example that dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute. The subject matter here is US copyrights, right? And this court in Curtis noted that... But do we know that a Taiwanese court can't hear the federal copyright claim? There was no evidence presented below that they would hear it. As a matter of fact, that's one of the issues in the briefing. And do we know even if they wouldn't hear it? If the Taiwanese copyright claim that could be brought would provide in effect all of the relief damages and the like, is that then enough to make it adequate? No, because I think you hit on a point. It has to show, as this court held in Curtis, the parties will not be deprived of all remedies. It has to be all remedies afforded to the US copyright. What was presented below was that, and it was offered by Symtec, which the adequacy is in the copyright is only applicable to Symtec. They offered that Taiwan courts can provide relief for copyright infringement under the Copyright Act of Taiwan, not of the Copyright Act of the United States. And... Suppose you get the equivalent remedy. I mean, it sounds like if they ruled for you on the contract claim, which one of the courts said in Taiwan they would be paying attention to, that the damages under that would be the same damages you would be looking for in your contract case. But there's no... And you can't get a double recovery. There is no... I'll answer that in two ways, Your Honor. First off, there's nothing that says bad actors can't do bad things in multiple countries. And so the defendants, the appellees, can do wrong in Taiwan, and they can also do wrong in the United States. And so there is nothing, there's no allegation there is a copyright applicable in Taiwan. So let's take your copyright claim and say that they walked over to the building next door in Boston, and they gave the copyright to someone, all right? They gave the... What's your damage? Your damage would be, as I understand your complaint, that they used that to make a machine and buy something that would have been bought through your client. Statutorily, there's a minimum under... Sure, but you'd want more than the minimum. You'd want something, the loss of the sale of the machine. It could be the loss of the sale of the machine. We haven't got that far yet. But if you're right on your fundamental claim, isn't the damage going to include the loss of the sale of the machine? In the United States, yes, Your Honor, to those United States corporations, to Fryer, to anyone that was lost in the United States. If there's a similar recovery in Taiwan, I think appellees would argue that we're not entitled to that. But it's the crux of the damage is in the United States. The crux of the copyright is in the United States. But that's not the test. Where the damages occur is simply not the test. It's do you have an adequate remedy to recover those damages in the other jurisdiction? And what I'm suggesting is even without a copyright claim, you'll be able to recover. If you're right on the crux of the dispute, you'll recover. I respectfully disagree. I think, Your Honor, that it's the U.S., the loss in the U.S., that is the crux of the claim. Well, can I add two separate things? One is, you have a federal copyright claim that has its own elements. Then you've got a contract claim that's got its own elements. It may be true that if you had a contract claim that in Taiwan you could get your remedies for, it would be inclusive of everything you would get on the copyright claim. But presumably, since the elements are different, you might be able to prove one but not the other. So I would think for form nonconvenience, it might matter whether there's an adequate remedy for the federal copyright claim itself, given its elements for that conduct. But I understood the district court, at least as plausibly read, and some circuits have said this with respect to federal copyright claims, that if the recovery under the foreign law for the infringing conduct, even though it's not under federal copyright law, would get you the same remedy, then there's no problem. So what is the allegation here about the infringing conduct that makes it clear there was an abuse of discretion by the district court in thinking that, given the nature of the unlawful acts alleged, you wouldn't be able to get that in Taiwan for the copyright infringement? There was no evidence that the Taiwan courts could remediate that extraterritorial infringing activity. That activity outside of Taiwan. But isn't there a reference to exportation, impermissible exportation of things? But that's assuming that it's being exported out of Taiwan, not out of China, not out of India or Thailand. It's only within Taiwan. Well, what allegations were before the court that could have gotten it, given it a plausible basis for thinking you were alleging the kind of infringing conduct that wouldn't be subsumed within Taiwanese courts' ability to handle with respect to the alleged infringing conduct? Respectfully, Your Honor, that was the defendant's burden. The defendant's burden was to say that it was subsumed. And that's where we point out that... Well, I guess I'm trying to figure out how we're supposed to think about who... Yes, there are burdens, but what does anybody have to show to get to the threshold such that when we review for abuse of discretion, it wasn't shown. There's a line in the district court's opinion that says primarily the unlawful acts alleged were such that they would be remediable. Is there some... Is that an abuse of discretion because that sentence isn't defensible on this record? What are you saying? I just don't understand what you're... It is in the fact that the U.S. sales are not subsumed in the Taiwan court. So you have two different wrongs, one in Taiwan and one in the United States. And so one is not necessarily subsumed... What kind of evidence do they need to put forward that wasn't put forward to meet their burden? What's missing? That quite frankly, that the acts in the United States, that took place in the United States, could be remedied. But that was not shown. There was no showing of that. Do we even allege that there was a copyright violation in the United States with any specificity? Yes. Yes, you're right. Just to be clear, I know that that was an argument by appellees, but that wasn't decided by the court. But yes, there is. Was that the Michigan thing in particular? That was as to the DCS. With regards to the copyright, there were allegations that there was... Sent into the United States to DCS, machines were put together with regards to those copyrights. But how's that a copyright? I mean, I could take... You could write out a specification, draw a machine. If I sit and figure out how to put the machine together by reading your specifications, I'm not violating the copyright, am I? No, but those copyrighted works were sent to the United States. So it's not... Those specifically were sent to the United States. So you're saying for a violation of the importation law, you can recover anyone's reading or learning, or whatever they gained by reading the copyrighted work? It's the sent... It was transmitted to the United States. It's the transmittal of the copyright. So that's the violation. And what's the damage for transmittal? Statutorily, these are registered. So minimum of $750,000, maximum $30,000, with $150,000 as to... And you're saying as to that, there's nothing that shows where it was being... Did you allege that it was being transmitted from somewhere other than Taiwan? No, into the United States. It was alleged into the United States. But nothing indicated it wasn't being coming from Taiwan? We indicated that it was being sent from the Taiwanese... From the Taiwan into the United States. So why wouldn't that then be the... Maybe the Taiwanese law... Exportation being a problem? I don't know, Your Honor. There's nothing in the record saying that? There's nothing in the record saying that. And that's... Has anyone briefed either the Berne Convention or the TRIPS Agreement? No. That was not. And I know that Taiwan politically is not a signatory to a lot of these various agreements. Thank you. Thank you. Thank you, Counsel. At this time, if Counsel for SimTech Solutions would please introduce himself on the record. May it please the Court. Kevin Todes on behalf of SimTech Solutions. I will speak for 10 minutes, and then my colleague, Mr. Chen, will speak for Symmetric. Your Honors, as a preliminary matter, we've had a lot of discussions about copyright here and what the District Court may or may not have addressed in its analysis. And there is a reason for that. And the reason is, with the exception, and we cite the one paragraph in our brief, with the exception of one paragraph that talked about not being able to apply copyright law in Taiwan absent a choice of law provision in a contract, there was no discussion about copyright law pretty much in the context of forum nonconvenience. Everything focused on trade secrets. That's a piece of what was argued. Pardon me? But you're not saying it's waived. No, I'm saying... What's the relevance to the forum nonconvenience if there was a problem with the way the District Court treated the copyright issue? Is the point that it's irrelevant because it's too small a... No, my only point is there are certain allegations that the Court didn't address, say X, Y, or Z, with respect to the copyright, and the reason is because that question wasn't put before the Court. So you're saying it was waived? We can argue that it was waived. You tell me. I just don't know what the significance of this point is. Are you saying we can't consider it because it was waived, or are you saying it just really wasn't emphasized so we should kind of excuse everybody for not having paid attention to it? I don't know what the point is. I think... It's a binary. Okay, then I will choose waived. Assuming it's not waived. Assuming it's not waived. I did want to point out a couple of points. Number one, there is no allegation in the complaint there were acts of infringement in the U.S. We talk about this in our brief. There are some general references to using... Well, there are conclusions on information and belief about how you could use a copyrighted picture. What about the Detroit... Isn't there a reference to the Detroit trade show? I thought there were allegations of fact about that. Am I misremembering? There was a trade show in the U.S. There was no... In Michigan. But the first part of the copyright claim reincorporates the facts that are referenced in the fact section which refer to the Michigan trade show. So why isn't that an allegation of infringing conduct in the United States? Because it talks about machines at the Michigan trade show. The only copyrighted material at issue in this case are a handful of copyrighted technical drawings. And you're saying that the drawings weren't at the show. There's no allegation that they were at the show. The allegations were somehow that the drawings were not at the show. There's no allegation that the drawings were at the show. So if they weren't at the show, they couldn't have been copied or distributed at the show. That's your point. Well, that's right. And frankly, there would be no reason for them to be copied or distributed at the show even based on plaintiff's theory. Also importantly, the district court had the testimony of Eric Wong before it. And Mr. Wong's testimony is we did not use those drawings in developing our machines. And while parties are allowed to rely on pleadings in the course of forum nonconvenience where there is sworn testimony, the district court is entitled to rely on the testimony over the pleadings. What difference does it make to a copyright claim whether they use the drawings to make the machines or not? Unless the machines were copies of the drawings, I would think it would just go to damages, not to copyright infringement. Because there's no allegation of anything other than the fact that the copyrighted drawings were somehow used to create the machines. I mean, what's so difficult here? It's not. I agree, and that's why we filed a 12B6 motion on this. Well, this is part of the problem I'm trying to figure out for forum nonconvenience, which is for purposes of the forum nonconvenience analysis, the district court did not conclude there was no copyright claim. Now, maybe it could have decided there was none. You've got a cart before the horse problem. But for purposes of that analysis, he's assuming there is a copyright claim. Now, this makes the burden thing, I find, a little bit vexing because there is a very poorly defined copyright claim. They then say, you have the burden of showing that this inscrutable copyright claim only occurred or would be only handled in Taiwan. They then say, well, you can't tell that. It could be anywhere. Then you say, but it's not really even a copyright claim at all, but we can't decide it that way because forum nonconvenience analysis, it's predicated on there being such a claim. So what are we supposed to do? Except for the forum nonconvenience analysis, you still need to have evidence of where the acts occurred. First of all, this court can affirm on any basis in the record. So whether the district court made a specific finding as to whether there was actual copying of the drawings in the United States, this court has the testimony of Eric Wong where he says, I didn't copy it. Well, we at least say there's no abuse of discretion in him proceeding on the understanding that there was not enough of a showing of that. But just so I understand it before you wrap up this point, just so I understand how the analysis works, and I know that don't get nervous. I'm not saying this is what I think. I just want to understand analytically what happens. Assume for a second there were allegations of copyright infringement in the United States on the face of the complaint, and assume there was nothing else in the record and assume that's a tiny little tail on this dog of a claim because all the other stuff, 98% of it's in Taiwan. For forum nonconvenience purposes, doesn't the district court have to separately assess whether the federal copyright allegations would be remediable in Taiwan and take that into account in doing the overall assessment about which forum this should be in? I don't think so, and the reason I don't think so, there's sort of two points. One, and we talked about this in our brief, so I'm going to answer this in two parts. The first part is, and I think you touched on this as well, Judge Barron, suppose that there was importation or there was copying in the United States. Why isn't the copying of that copyrighted work easily remedied in the Taiwan proceeding? Okay, but they say on that score, that's why I want to say there's two questions there. One is, do we even care about that when 98% of the case is not about copyright infringement and there's very sound reasons to think that should be heard in Taiwan? I think you're implicitly saying, yeah, we might for forum nonconvenience still have to do this separate analysis of this claim, the copyright claim. I just want to clear that, that's point one. Then point two is, they say to the extent that the case looks like you were just describing it, you have the burden of showing, in fact, Taiwan could provide an adequate remedy and they say there's nothing in the record to show that's the case. In fact, there is something in the record. There's the testimony of Vanessa Wang who said, and the district court did point this out in a footnote in its brief. Ms. Wang said where a tort occurs in another country, Taiwan law permits recovery for that tort. Copyright infringement is a tort. So there is no reason that the Taiwan court, based on the evidence before the district court. What do we do about the fact that the district court didn't reference any of that testimony? The district court did reference it. With respect to the copyright claim? Yes, I believe when he talks about the one time when he talks about the contract and the choice of law provision, that's where he drops the footnote and he says, in addition to that, Ms. Wang testified that torts can be covered abroad. But the other conceptual problem here is there seems to be a significant focus on, well, this is a U.S. copyright. First of all, and we've pointed this out in our briefs, these are not U.S. works under the copyright law. Number two, there is nothing special about recovery under U.S. copyright law versus recovery under Taiwanese law for infringement. Where do we confirm the second part of that? From the Wang note or something else? Yes, she lists extensively, and the district court, if I may finish, the district court in its initial recitation goes through and talks about all the relief that can be had under copyright law, under Taiwanese copyright law, lost profits, disgorgement of profits, injunctions, statutory damages, and incidentally, very quickly, these copyrights do not qualify for statutory damages because under federal copyright law, unless you register an unpublished work before infringement occurs, you don't qualify for statutory damages. Thank you. Thank you, counsel. At this time, would counsel for Symmetric Enterprise Company please introduce himself on the record? May it please the Court. Lee Chen for Symmetric Enterprise. Your Honors, as a threshold matter, Cisco's arguments concerning copyright is of no moment to Symmetric because there is no claim of copyright infringement against Symmetric. I do note that on page 7 of our brief in the background factual recitations, we included the sentence that made it look like there was a copyright claim against Symmetric, but that was an error, and I apologize for that. Your Honors, the district court properly exercised and did not abuse its discretion in dismissing this case. The convenience of the parties and the ends of justice is best served by adjudicating this case in Taiwan because the conduct alleged by Cisco did not injure any U.S. company, citizen, or resident. Cisco's injuries itself were only felt in Taiwan. Cisco's chosen forum places a heavy burden on all parties. It's cumbersome and costly for all parties, including Cisco, to litigate in the U.S. The key witnesses are in Taiwan, so we have to consider flights and accommodations. These witnesses speak Chinese, which require the use of interpreters for depositions and trial testimony. The documents, including the documents cited extensively in the complaint, are in Chinese. Taiwan has a significant interest in resolving the dispute between Taiwanese companies over rights created and misappropriated in Taiwan, including the copyright claim. That is based on works created in Taiwan. And, Your Honors, I would submit that these works are actually the subject matter. That is at issue, not the U.S. copyright registrations, but the works on which the registrations are based. I note also that Cisco had mentioned China and Thailand, and as Judge Barron had noted, there is nothing in the record about any infringing activities in China or Thailand. All of the alleged misconduct occurred in Taiwan by Taiwanese residents. The manufacturing of these machines occurred in Taiwan, and including the transmission of the specifications occurred from Taiwan to the United States. Your Honors, unless the Court has any questions. Thank you. Thank you, Counsel. At this time, would Counsel for the Appellant please reintroduce himself on the record? He has a three-minute rebuttal. May it please the Court, Christopher Hamba for the Appellant. I'd like to address briefly the symmetric side of this, because that kind of gets into the private and public interest factors. And I think that's one of those legal errors, the abuse of discretion, where the Court presupposes that everything is in Taiwan. But when you look at the claims, the claims, the only relevant parties are in the United States. The Friar, the Inovix, Axiva, DCS. Those are all U.S. parties. The parties themselves, that doesn't apply. That doesn't apply to compulsory service. And so, in fact, Symtec took the position that DCS in North Carolina controlled the solicitation of the U.S. customers, of Cisco's U.S. customers. And so, when we back up, that's actually one of the factors that the District Court said it strongly favors, the Taiwan action. And so, I submit that that is an abuse of discretion. And going back to, Your Honor, putting the cart before the horse, there are acts of infringement in the United States, allegations of acts of infringement in the United States. And if the claim is inscrutable, then amendment is the remedy. It's not the extreme dismissal for transfer to Taiwan. That's amendment. The Court said that it did not decide any of the issues below on 12b-6. And I just want to point out that a lot of, there's a lot of, these are not even U.S. work, there's nothing special about these copyrights. It's why copyright is so difficult. It's why the HALO Court pointed out that the United States courts don't decide foreign copyrights, and it's rare for foreign courts to decide U.S. copyrights. It's a difficult area of law where we can't get the remedy that we require. Thank you. Thank you, Counsel. That concludes our argument in this case.